IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PASSMORE, | ) | |
| Plaintiff, | ) | C.A. No. 10-158 Erie |
| | ) | |
| vs. | ) | |
| | ) | **District Judge McLaughlin** |
| JEFFREY BEARD, et al., | ) | **Magistrate Judge Baxter** |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

**II    REPORT**

Plaintiff John Passmore, an individual incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, filed this *pro se* civil rights action on June 28, 2010.

On September 3, 2010, this Court issued an Order directing Plaintiff to provide the United States Marshal Service with proper directions of service for all Defendants. [ECF No. 6]. After being informed by the United States Marshal Service ("U.S. Marshal") that Plaintiff had not fully cooperated in its efforts to serve Defendants, this Court issued an Order on January 28, 2011, requiring Plaintiff to provide the U.S. Marshal with the necessary address information and documentation to allow Defendants to be served. [ECF No. 18]. The Order provided further that Plaintiff's failure to provide the necessary information to the U.S. Marshal on or before February 16, 2011, would result in this Court's recommendation that this case be dismissed for failure to prosecute.

In response to this Court's show cause Order, Plaintiff sent a letter essentially indicating

that he does not wish to pursue this civil action any longer, and that the only relief he was hoping to obtain was injunctive relief, which was previously denied in this matter. [ECF No. 19]. The U.S. Marshal has since informed this Court that directions for service have not been provided by Plaintiff in accordance with this Court's show cause Order dated January 28, 2011. A review of the docket entries in this case further indicates that service has never been effectuated on any of the Defendants.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case. Further, Plaintiff has ignored an Order of this Court that expressly stated his case would be dismissed for failure to prosecute if he did not comply. Plaintiff is proceeding <u>pro</u> <u>se</u> and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

### **III**     **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 30, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge